# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

FRANK NEFF       *

Plaintiff       *

v       *     Civil Action No. RDB-13-1498

FRANK B. BISHOP and       *
WCI OFFICERS
      *

Defendants

\*\*\*

## MEMORANDUM OPINION

The above-captioned case was filed May 21, 2013, together with a Motion to Proceed in Forma Pauperis. ECF No. 2. Because he appears indigent, Plaintiff's motion shall be granted. For the reasons that follow, the Complaint must be dismissed.

Plaintiff, a prisoner confined to Maryland Correctional Training Center (MCTC), asserts that he lost $585.00 worth of personal property[1] when it was taken from him by Officer Wilson who admitted throwing it away "for no good reason." ECF No. 1 at p. 3. In addition, it appears Plaintiff's property was confiscated in connection with his assignment to disciplinary segregation. *Id*. at pp. 4 and 6. Plaintiff seeks approximately six million dollars in damages in addition to the monetary value of the property lost. *Id*. at p. 3. The Complaint is construed as a claim alleging denial of due process inasmuch as Plaintiff does not allege any other constitutional rights were affected by the loss of his property.[2]

In the case of lost or stolen property, sufficient due process is afforded to a prisoner if he has access to an adequate post-deprivation remedy. *See Parratt v. Taylor*, 451 U. S. 527, 542-44

---

[1] Plaintiff does not provide any details regarding the nature of the property lost.

[2] To the extent the loss of legal materials or religious property implicate Plaintiff's access to courts and his First Amendment rights, he has not alleged such a claim.

(1981), *overruled on other grounds by Daniels v. Williams*, 474 U. S. 327 (1986). The right to seek damages and injunctive relief in Maryland courts constitutes an adequate post deprivation remedy.[3] *See Juncker v. Tinney*, 549 F. Supp. 574, 579 (D. Md. 1982).[4] Thus, the complaint presented here shall be dismissed under the provisions of 28 U.S.C. § 1915(e). *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Cochran v. Morris*, 73 F.3d 1310, 1315 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951, 955 (4th Cir. 1995).

Plaintiff is hereby notified that he may be barred from filing future suits in forma pauperis if he continues to file federal civil rights actions that are subject to dismissal for failure to state a claim on which relief may be granted under §1915(e) or under Fed .R.Civ. P. 12(b)(6). A separate Order follows.

May 29, 2013  
Date

_____/s/_____  
RICHARD D. BENNETT  
UNITED STATES DISTRICT JUDGE

---

[3] Plaintiff may avail himself of remedies under the Maryland's Tort Claims Act and through the Inmate Grievance Office.

[4] Although *Juncker* dealt with personal injury rather than property loss, its analysis and conclusion that sufficient due process is afforded through post deprivation remedies available in the Maryland courts also applies to cases of lost or stolen property, given *Juncker's* reliance on *Parratt* in dismissing plaintiff's due process claim.